IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH BASHER, | § | |
| | § | No. 47, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1706008474 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 5, 2019
Decided: February 20, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

Upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    On May 8, 2018, the appellant, Joseph Basher, pleaded guilty to one count of possession of a firearm by a person prohibited ("PFBPP"). Under the terms of the plea agreement, (i) the State entered a *nolle prosequi* on the pending charges of second degree burglary, second degree conspiracy, theft of a firearm, possession of ammunition by a person prohibited, third degree assault, and theft; (ii) Basher agreed that he was eligible for habitual offender sentencing under 11 *Del. C.* § 4214(b); (iii) the State agreed to cap its sentencing recommendation to eight years of Level V incarceration; and (iv) the State agreed not to oppose Basher's request to

complete the Key Program as a condition of his sentence. The Superior Court deferred sentencing, pending a presentence investigation.

(2) On July 19, 2018, Basher filed a *pro se* motion to dismiss counsel, raising ineffective assistance of counsel claims and arguing that he was not eligible to be sentenced as an habitual offender on the basis of his criminal record. On August 17, 2018, Basher's counsel filed a motion to withdraw Basher's guilty plea, incorporating therein Basher's claims of ineffective assistance of counsel. On October 24, 2018, the court held a hearing on Basher's motion to withdraw his plea. At the hearing, Basher aired his grievances with defense counsel and with the proceedings in general. Basher complained that: (i) counsel had not spent adequate time preparing Basher's case or communicating with Basher; (ii) the plea the State offered at final case review was more favorable than the one the State offered on the trial date; (iii) the Superior Court failed to conduct a plea colloquy at final case review; and (iv) Basher was not eligible to be sentenced as an habitual offender.

(3) At the hearing, defense counsel produced the offer extended by the State at final case review. Under that offer, Basher would have pleaded guilty to PFBPP and second degree burglary, and the State would declare him an habitual offender on the second degree burglary charge. Basher would have faced a minimum sentence of nine years of unsuspended Level V incarceration: a five year minimum mandatory sentence on the firearm charge under 11 *Del. C.* § 1448(e)(1)

2

and a four year minimum mandatory sentence on the Class D second degree burglary charge under 11 *Del. C.* § 4214(b). Thus, defense counsel was able to confirm that the State had, in fact, *reduced* its plea offer following final case review: Basher was facing a minimum sentence of only seven-and-one-half years as an habitual offender for his conviction of PFBPP under the plea he ultimately accepted. Basher acknowledged to the court that he had misunderstood the plea offered at final case review. The prosecutor also explained to Basher how his prior conviction for drug dealing—a Title 16 violent felony—exposed him to a minimum sentence of five years under 11 *Del. C.* § 1448(e)(1) and how this § 1448(e) PFBPP conviction—a Title 11 violent felony—triggered his eligibility to be sentenced as an habitual offender under 11 *Del. C.* § 4214(b). The Superior Court then reviewed Basher's plea colloquy, concluded that Basher had not demonstrated that his plea was involuntarily or unknowingly made, and denied his motion to withdraw his guilty plea.

(4) On January 4, 2019, the Superior Court granted the State's motion to declare Basher an habitual offender under 11 *Del. C.* § 4214(b) and sentenced Basher to fifteen years of Level V incarceration, suspended after nine years and the successful completion of the Key Program, followed by decreasing levels of supervision. This is Basher's direct appeal.

(5) Basher's counsel on appeal has filed a brief and a motion to withdraw

3

under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, there are no arguably appealable issues. Basher's attorney informed him of the provisions of Rule 26(c) and provided Basher with a copy of the motion to withdraw and the accompanying brief. Counsel informed Basher of his right to supplement his attorney's presentation. Basher has raised several points for this Court's consideration. The State has responded to the errors Basher alleges and has moved to affirm the Superior Court's judgment.

(6)     The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(7)     Basher's arguments on appeal may be summarized as follows: (i) trial counsel was ineffective for failing to communicate with Basher, failing to share discovery materials with Basher, failing to properly prepare Basher's defense, and failing to file a suppression motion; (ii) the State improperly "enhanced" his firearm

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

4

charge under 11 *Del. C.*§ 1448(e)(1); (iii) Basher's 2014 conviction for drug dealing should not have been considered a violent felony to enhance his sentence under 11 *Del. C.* § 1448(e)(1) when it is considered a non-violent felony under the habitual offender statute; (iv) his plea was coerced; (v) the court imposed a sentence in excess of the State's recommendation; and (vi) Basher's sentence was disproportionate to that of his co-defendant. Basher's claims are unavailing.

(8) As a preliminary matter, the Court will not consider claims of ineffective assistance of counsel on direct appeal if that issue has not been decided on the merits in the trial court.[2] Although Basher alleged ineffective assistance of counsel in connection with his motion to withdraw his guilty plea, the transcript of the Superior Court's hearing on the motion to withdraw the plea reflects that the court did not make any legal ruling on the issue of the effectiveness of counsel and we decline to do so on direct appeal.

(9) Basher's remaining claims are unavailing. Basher is a person prohibited from possessing a firearm by 11 *Del. C.* § 1448(a). Because his prior conviction for drug dealing is a Title 16 violent felony as defined by 11 *Del. C.* §

---

[2] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

4201(c), he was eligible for sentencing under 11 *Del. C.* § 1448(e)(1).[3] Because he was eligible for sentencing under 11 *Del. C.* § 1448(e)(1), his PFBPP charge became a class C felony,[4] carrying a sentence ranging from zero to fifteen years of Level V incarceration. His plea to this "enhanced" PFBPP—a violent Title 11 felony under 11 *Del. C.* § 4201(c)—constituted his first violent Title 11 felony conviction and triggered his eligibility to be sentenced as an habitual offender under 11 *Del. C.* § 4214(b).[5] In sum, (i) Basher's PFBPP charge was properly considered a Class C felony for sentencing purposes under the language of 11 *Del. C.* § 1448(c), subject to a minimum mandatory sentence under 11 *Del. C.* § 1448(e)(1), and (ii) the § 1448(e) PFBPP conviction triggered his eligibility to be sentenced under 11 *Del. C.* § 4214(b).

(10) Turning to Basher's allegation that he was coerced or pressured into

---

[3] 11 *Del. C.* § 1448(e)(1) ("Notwithstanding any provision of this section or Code to the contrary, any person who is a prohibited person as described in this section and who knowingly possesses, purchases, owns or controls a firearm or destructive weapon while so prohibited shall receive a minimum sentence of … b. Five years at Level V, if the person does so within 10 years of the date of conviction for any violent felony …."); 11 *Del. C.* § 1448(e)(3) ("Any sentence imposed pursuant to this subsection shall not be subject to the provisions of § 4215 of this title. For the purposes of this subsection, 'violent felony' means any felony *so designated by § 4201(c) of this title*….") (emphasis added).

[4] 11 *Del. C.* § 1448(c) ("Possession of a deadly weapon by a person prohibited is a class F felony, unless said deadly weapon is a firearm or ammunition for a firearm, and the violation is one of paragraphs (a)(1)-(8) of this section, in which case it is a class D felony, or unless the person is eligible for sentencing pursuant to subsection (e) of this section, in which case it is a class C felony.")

[5] 11 *Del. C.* § 4214(b) ("Any person who has been 3 times convicted of a felony under the laws of this State… and who shall thereafter be convicted of a subsequent felony, *which is the person's first Title 11 violent felony*,… shall receive a minimum sentence of ½ of the statutory maximum penalty provided elsewhere in this title…") (emphasis added).

6

pleading guilty, the record belies his argument. To the contrary, the record reflects that his plea was knowing, intelligent, and voluntary. In the Truth-in-Sentencing Guilty Plea form, Basher indicated that he freely and voluntarily decided to plead guilty and that he understood that he was waiving certain constitutional rights by doing so. During the plea colloquy, Basher affirmed that he had reviewed the plea agreement, no one threatened or forced him to plead guilty, he had had enough time to speak with his lawyer about the charges he faced and any possible defenses to the charges, he understood that he was facing a sentence of a minimum of seven-and-one-half years to life imprisonment, and the court was not required to follow the State's sentencing recommendation. The court asked Basher to describe, in his own words, what happened on the date in question. In response, Basher described the botched attempted burglary that led to his possession of a firearm. Furthermore, at the hearing on his motion to withdraw his guilty plea, Basher did not contest that he had possessed a firearm or that he had knowingly and intelligently pleaded guilty to PFBPP but, as explained above, expressed confusion about the application of his prior record to his firearm charge and his eligibility under the habitual offender statute. The record simply does not support Basher's argument that he was coerced into pleading guilty.

(11) Finally, Basher argues his sentence is disproportionate to the sentence his co-defendant received and exceeded the State's recommendation. Our review of

7

a sentence is extremely limited and typically ends upon a determination that the sentence falls within the statutory limits prescribed by the legislature.[6] If the sentence is within the statutory limits, we consider only whether it is based on factual predicates that are false, impermissible, or lack a minimal indicia of reliability, judicial vindictiveness or bias, or a closed mind.[7] In this case, Basher pleaded guilty to a Class C felony and was sentenced as an habitual offender. During the plea colloquy, Basher acknowledged that the court was not bound by the State's sentencing recommendation and that he faced a sentence up to life imprisonment. Under 11 *Del. C.* § 4212(b), the Superior Court was authorized to sentence Basher anywhere from seven-and-one-half years up to life imprisonment on the PFBPP charge. Basher's sentence of nine years of unsuspended Level V incarceration did not exceed the statutory limits and there is no evidence that it was based on inaccurate or unreliable facts or that the sentencing judge exhibited bias or a closed mind in fashioning Basher's sentence.

(12) The Court has reviewed the record carefully and has concluded that Basher's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Basher's counsel has made a conscientious effort to examine the record and the law and has properly determined that Basher could not

---

[6] *Kruzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[7] *Id.*

8

raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:


/s/ James T. Vaughn, Jr.
Justice